IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO PERRY, | § | |
| | § | |
| Defendant Below, | § | No. 7, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1502011219 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 2, 2021
Decided: February 10, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN** Justices.

## **ORDER**

After careful consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1) On January 6, 2021, the appellant, Antonio Perry, filed a notice of appeal from February 24, 2020 Superior Court order sentencing him for a violation of probation. Under the judicial emergency in effect as a result of COVID-19, a notice of appeal should have been filed on or before July 2, 2020.[1] The Senior Court

---

[1] Administrative Order No. 7 § 7 (June 5, 2020), available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf. Normally a timely notice of appeal would have been due on or before March 25, 2020.

Clerk issued a notice directing Perry to show cause why this appeal should not be dismissed as untimely filed.

(2) In his response to the notice to show cause, Perry states that he previously filed a timely appeal of the February 24, 2020 order, he is also appealing the Superior Court's denial of his motion for sentence modification in November 2020, and the prison law library has informed inmates that nothing is time-barred as a result of COVID-19 and mail delays. At the Court's request, the State responded to Perry's representations.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) Perry previously filed a timely appeal of the February 24, 2020 order in *Perry v. State*, No. 116, 2020. In that appeal, this Court affirmed the Superior Court's judgment.[5] Perry is not entitled to a do-over of that appeal.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Perry v. State*, 2020 WL 3069498 (Del. June 9, 2020).

(5)     As to the Superior Court's denial of Perry's motion for sentence modification, that order was dated and docketed on November 18, 2020. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before December 18, 2020.[6] Perry did not file this appeal until January 6, 2021.

(6)     According to the State, the James T. Vaughn Correctional Center Legal Services Administrator states that no staff member has informed inmates that nothing is time-barred as a result of COVID-19 and mail delays. In addition, prison personnel are not court-related personnel[7] and this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.[8] This appeal must be dismissed as untimely.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] The extension of filing deadlines in response to COVID-19 expired on July 1, 2020.

[7] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).

[8] *See, e.g., Miller v. State*, 2017 WL 568362, at *1 (Del. Feb. 9, 2017) (dismissing untimely appeal where inmate claimed his appeal was late because the prison law library never responded to his inquiry regarding how much time he had to appeal); *Christmas v. State*, 2013 WL 1397131, at *1 (Del. Apr. 3, 2013) (dismissing untimely appeal where inmate stated that he was unable to go to prison law library and obtain the necessary forms until after the appeal deadline passed).